Mr. Justice DAVIS
 

 delivered'the opinion of'the court.'
 

 It was decided by this court, in
 
 Slater
 
 v. Maxwell,
 
 *
 
 that where a judicial salé is impeached for fraud, or unfair practices, of officer or purchaser, to the prejudice of the owner, a court, of chancery is the proper tribunal to-afford relief, and this decision only reaffirmed a well-established doctriné of equity jurisprudence. The present case is. within this rule, and the court below manifestly erred in sustaining a demurrer to the bill.
 

 - The complainant puts his case for relief bn two principal grounds'. The necessities of this case do not require us to examine and decide the first point-thus raised by him; for the second, if the averments of the bill are true, affords ample ground to give the complainant the desired relief.
 

 The bill charges that Cocks, a citizen of the State of Mississippi, -was the owner of a valuable dwelling-house and lots in the city of New Orleans, occupied by Izard, as his-tenant, which were seized on judicial process, and ordered to be sold. It does not appear in tvhat way the court acquired jurisdiction of the case, but, it Í3 fair.to presume, it was-through a proceeding by attachment, as the complainant ávers hé was without the.State, and did not know of either the judgment, execution, levy, or sale.
 

 In this condition of things, the sale took place, andTzard bought the property for a sum of money hardly equal to its yearly rental value. ' This he was enabled to accomplish by unfair practices, which operated to prevent persons, who .were in attendance'at the sale and desirous of purchasing, from bidding..
 

 These practices were of .a character well calculated to deceive, for it is easy to see that fair-minded men, knowing the- owner of the property to be absent, would be inclined
 
 *562
 
 to put faith in the declarations of his tenant, that if he purchased, it was on account of his landlord, whose interests he wished to'protect, and would be disinclined to interfere with the arrangement.
 

 Can it, then, be doubted, if these things are true, that the conduct .of the defendant deprived the complainant of the advantage which he would have received from a fair sale of his property, at which there would have been competition among persons, both able and willing to buy,?
 

 The law will not tolerate any influences likely to prevent competition at a judicial sale, and it accords to every 'debtor the chance for a' fair sale and full price; and if he fails to get these, in consequence of the wrongful interference of another party, who has purchased his property, at a price greatly disproportioned to its value, equity will step in and afford redress, either by setting aside the proceedings under the sale, or by holding the purchaser to account.
 

 The defendant in this case has behaved badly, and cannot be allowed to enjoy the fruits of his unfair dealing. The complainant had a right to expect, after reposing enough •confidence in him to rent him a dwelling-house, that he would not; in his absence, turn against him, and use this very relation to his prejudice. It may be that, at the time of his purchase, the defendant intended to cany out his promises, for, after the sale, he admitted his obligation to do so, but-his cupidity, in the end, got the better of him, as he now asserts an adverse title in himself.
 

 It is insisted, that the complainant should have availed himself of the summary mode, by petition or motion to the court, to have had the sale set aside, and-resale ordered; but this objection cannot prevail. It is needless to inquire whether he could have obtained his object.in this way, as' by not pui’suing it, • he did not forfeit his right to sue in equity, and the defendant has surely no right to'complain, for he has now ample opportunity to make defence and vindicate his integrity.
 

 The decree of the Circuit Court, of the United States for
 
 *563
 
 the District of Louisiana is reversed,' and the cause-i's remanded to that court, with directions to proceed
 

 In conformity with this opinion.
 

 *
 

 6 Wallace, 276.