# CHARLESTON

## HENDERSON *v.* HENRIE.

Submitted September 13, 1906.   Decided January 15, 1907.

1.  CONTRACTS—*Legality—Joint Purchase at Auction.*

    A contract between two or more persons to purchase, jointly, property offered for sale at public auction, is not invalid, if free from fraud and collusion, as where their uniting to purchase the property is in good faith and with an honest purpose in view, and not with 'the intention of stifling and suppressing the bidding, in order to obtain the property at an under value. (p. 184.)

2.  SAME—*Stifling Competition.*

    But all contracts for the purpose of suppressing and chilling competitive bidding upon property offered for sale at public auction, in order to obtain it at under value, or to obtain undue and unconscientious advantages, are fraudulent and void, and will not be enforced at the instance of the contracting parties, or either of them.   (p. 186.)

3.  COURTS—*Conflicting Jurisdiction—State and Federal Courts—Injunction.*

    A state court has no jurisdiction to enjoin a proceeding or judgment of a federal court. The jurisdictions are separate and independent, and it is essential to the independence and efficiency of each that they be exempt from interference and control one by the other.   (p. 187.)

4.  BANKRUPTCY—*Decree—Sale of Property—Injunction in State Court.*
     Where under a decree in a bankruptcy proceeding in the United
     States court, land is sold and a deed is ordered to be made to
     the purchaser, a state court is without jurisdiction to enjoin the
     execution of such deed upon a bill filed therein by one claiming to
     be jointly interested with the purchaser in the purchase of said
     property. Nor can the purchaser be enjoined from acquiring the
     title to such land.  (p. 187.)

Appeal from Circuit Court, Wood County.

Action by Jock B. Henderson against James N. Henrie
and another. From an order overruling a motion to dissolve
an injunction, defendant Henrie appeals.

*Reversed in part. Affirmed in part.*

J. CAMERON McCLUER, for appellant.

V. B. ARCHER and WM. BEARD, for appellee.

SANDERS, JUDGE:

In the matter of H. C. Henderson, bankrupt, on the 25th
day of May, 1905, under a decree of the United States Dis-
trict Court for the Northern District of West Virginia, a
sale was made by the Union Trust and Deposit Company,
trustee, of the real estate of the bankrupt, situated in
Wood county, and which consisted of different tracts, one
of which contained sixty-two acres. This tract was laid off
into three sections, numbered respectively one, two and
three.

The plaintiff alleges that on the day of sale he entered into
an agreement with the appellant, James M. Henrie, by
which they were both to bid on the sixty-two acre tract, and
in the event either became the purchaser thereof, Henderson
was to have a certain portion of the tract, being about ten
acres, laid off out of sub-division number one, and Henrie
was to have the residue. At the sale the property was
offered as a whole, and also by the several parcels into
which it had been laid off, and the price bid for the whole
being greater than the aggregate amount bid for the three
several parcels, and Henrie being the highest bidder, he
became the purchaser thereof. The terms of sale were
one-third cash, and the remainder in installments, but
Henrie not desiring to pay interest, paid the entire amount
in cash.

Later the sale was reported by the trustee as having been made to Henrie, and a decree was entered confirming the sale to him. A short time thereafter Jock B. Henderson filed a petition in the United States court in the bankruptcy proceeding of H. C. Henderson, bankrupt, setting up an agreement made by him with Henrie, and asking that the trustee be enjoined from making the deed to Henrie. The injunction was granted, and the court referred the matter to a referee to report. A survey of the land in controversy was had, and upon the final hearing the court decreed that Henrie should make a deed to Henderson for that part of the land claimed by him. Henrie appealed from this decree, and the United States Circuit Court of Appeals decided that the District Court had no jurisdiction, and remanded the cause, with instructions to dismiss it. Upon the order of dismissal being entered in the District Court, Henderson filed his bill in equity in the circuit court of Wood county, praying for the specific performance of the alleged contract between Henrie and himself, and asking the court to enjoin the trustee from making a deed to Henrie for the land claimed by him, and to enjoin Henrie from accepting the deed, or in any way encumbering or disposing of the property. The bill was presented to the judge of the circuit court in vacation, who upon consideration granted the injunction as prayed for. Henrie later moved to dissolve the injunction, which motion was overruled, and it is from this order that he has appealed.

As the case is presented, we must determine from the allegations of the bill whether or not the motion to dissolve was properly overruled. The appellant contends that the effect of the alleged contract is to suppress and stifle competitive bidding, and for that reason it is against public policy, and void, and will not be enforced at the instance of either of the contracting parties. In determining whether or not its effect is as claimed by the defendant, we must accept the plaintiff's version of it, as given by him in his bill. The bill shows that before the sale the plaintiff and the defendant Henrie entered into an agreement to bid on the property, Henrie desiring to purchase the whole or a portion thereof, and the plaintiff only desiring a certain stipulated portion of same; and that whoever became the purchaser, if

the whole sixty-two acres should be sold, that a certain described portion of it was to be paid for and owned by the plaintiff, and the residue of the tract was to be the property of Henrie. This is the agreement substantially as alleged, which is stated with as much particularity as is necessary for the decision of the question presented.

After the making of this agreement it is alleged that the property was offered for sale; that certain bidding was done and that it was purchased by Henrie under the said agreement for a stipulated sum, and for the benefit of the plaintiff, to the extent of that portion of the land which the bill described as the part to be paid for and owned by him. To render a contract of this character void, it must appear that the agreement is made for the purpose of stifling or suppressing bidding. There can be no objection to two or more persons entering into an agreement to purchase property offered for sale at public auction to the highest bidder jointly, if they do so in good faith and the agreement is free from fraud. Rorer on Judicial Sales, section 77; *Holmes et al* v. *Holmes*, 3 Rich, Eq. 61: *Bank* v. *Sprague*, 20 N. J. Eq. 159, 169.

"But combinations to advance or reduce the price of property and all by-bidding, is illegal and fraudulent." Rorer on Judicial Sales, section 77. *Veazie* v. *Williams*, 8 How. 154; *Ralphsnyder v. Shaw*, 45 W. Va. 680, *Nitro-Phosphate Syndicate of London* v. *Johnson*, 100 Va. 774; *Underwood* v. *McVeigh*, 23 Grat. 409.

"As a general rule, any arrangement made for the purpose of reducing or suppressing competition at a judicial sale, or any device, trickery, agreement, or contrivance to chill the bidding thereat, is fraudulent and void, and will furnish sufficient ground for setting aside the sale, or even, it has been held in some cases, render the sale void. But there is nothing improper in an honest combination or association of several persons, entered into in order to enable them to bid at a judicial sale, and become the purchasers of property which singly they could not purchase." 17 Am. & Eng. Ency. Law, (2d Ed.) pp. 980-981, and cases cited.

We cannot deduce from the agreement, as set up in the plaintiff's bill, that it was a fraudulent arrangement to suppress bidding and to purchase the property for an inadequate

price. It appears from the bill that the plaintiff was only desirous of purchasing a portion of the property, and Henrie desiring a portion or the whole of it, the agreement was made to purchase it jointly. In *Roudabush* v. *Miller*, 32 Grat. 454, it was held: "Where two or more persons desire to acquire different parts of a tract of land which is offered for sale at public auction by commissioners under a decree of court, with respect to the convenience of the several parcels to their own lands respectively, it is not unlawful or improper for them to bid for the whole tract when it is offered to the highest bidder, with the understanding that they will divide it between themselves, and how they will divide it, if they should become the purchasers, and that each one shall be bound to comply with the terms of purchase as to his own part, as agreed between themselves."

All allegations of a bill, well pleaded, upon a motion to dissolve an injunction before answer, as upon a demurrer, are taken to be true. *Ludington* v. *Tiffany*, 6 W. Va. 11: *McCoy* v. *McCoy*, 29 W. Va. 817; *Pealross* v. *McLaughlin*, 6 Grat. 64. We cannot say that the contract as alleged in the bill is against public policy, and for that reason void and unenforceable.

The remaining question to be disposed of is whether or not an officer of the United States court, who by a decree of that court has been ordered to convey to the purchaser certain real estate sold under a decree in a suit instituted and prosecuted therein, can be enjoined from so doing by a State court. The circuit court unquestionably has jurisdiction to entertain the plaintiff's bill for a specific performance of the contract, and the United States District Court did not have jurisdiction to do so; as was decided by the United States Circuit Court of Appeals,——C. C. A. page ——. But the fact that that court, upon appeal, held that the District Court had no jurisdiction, and directed a dismissal of the cause, does not in any way affect or have any bearing upon the decision of this cause. It left the matter as if no attempt had been made in the bankruptcy proceeding to settle the matter in controversy between the plaintiff and Henrie. Then the question is, can the circuit court enjoin the making of the conveyance to Henrie by the trustee, or enjoin Henrie from accepting a conveyance of the real estate of which the

United States District Court acquired jurisdiction in the bankruptcy proceeding, ordered sold by proper decree, and which was sold and purchased by Henrie and the sale confirmed to him, and a conveyance thereof ordered to be made long before the institution of this suit.    If this rule should prevail, there would be no end to the embarrassments, conflicts and complications which would necessarily flow from it.    Upon the one hand we would have a court of one jurisdiction commanding that a certain thing be done, and upon the other hand another court of an entirely separate and distinct jurisdiction forbidding it.    It does not follow, because the circuit court has jurisdiction to entertain this cause, that it can enjoin the trustee from conveying the property in accordance with the decree of the federal court.    The action of the circuit court in this regard is sought to be justified upon the ground that it does not operate to affect the jurisdiction of the court, the proceedings of which are asked to be enjoined, but that it only operates upon the parties. It is true it operates upon the parties, but it affects the carrying into execution of the decree of the district court.    The case of *State* v. *Fredlock*, 52 W. Va. 232, is relied upon by the plaintiff, but we fail to see wherein it even tends to support his contention.    ''As between the state and federal courts in cases in which their jurisdiction is coordinate over the same subject matter, that court which first obtains jurisdiction will be left to retain it to the end, and its process will not be interfered with by injunction from the other tribunal.''    1 High on Injunctions, (4th Ed,) section 266.    But this does not apply here.    The state and federal courts did not have concurrant jurisdiction of the subject matter involved.    The federal court had jurisdiction of the bankruptcy proceeding, in which the property in controversy was decreed to be sold, but its jurisdiction was well defined by statute, and was limited to this proceeding. Therefore it did not have jurisdiction to settle the controversy between the plaintiff and Henrie as to their relative rights under the alleged contract.    The state court has jurisdiction to entertain the plaintiff's bill for specific performance, but it had no jurisdiction of the matters involved in the bankruptcy proceeding.    While the land claimed by the plaintiff is a part of the same land that was sold in the bank-

ruptcy proceeding, yet the nature of the relief sought by the plaintiff is entirely separate and distinct from any matter which arose or was involved in the bankruptcy proceeding. The subject matter of this suit is the alleged contract between the plaintiff and Henrie, which, if it exists, is an offspring of the bankruptcy proceeding, and issues therefrom, and did not exist until after the decree of sale in the district court had been entered. Mr. Justice Clifford, in delivering the opinion of the court in *Riggs* v. *Johnson County*, 73 U. S. 195, says: "State courts are exempt from all interference by the federal tribunals, but they are destitute of all power to restrain either the process or proceedings in the national courts. Circuit courts and state courts act separably and independently of each other, and in their respective spheres of action the process issued by the one is as far beyond the reach of the other, as if the line of division between them 'was traced by landmarks and monuments visible to the eye.' Appellate relations exist in a class of cases, between the state courts and this court, but there are no such relations between the state courts and the federal courts. Viewed in any light, therefore, it is obvious that the injunction of a state court is inoperative to control, or in any manner to affect the process or proceedings of a circuit court, not on account of any paramount jurisdiction in the latter courts, but because, in their sphere of action, circuit courts are wholly independent of the state courts." But if such rule should be applied to this case, then we find that the federal court acquired jurisdiction of the property sought to be reached in this litigation long before the institution of this suit, because, as we have observed, the cause of action and subject matter of this suit springs from the bankruptcy proceedings, and it having so acquired control and dominion over the property, it became vested with the exclusive right to dispose of it for the purpose of its jurisdiction, and the jurisdiction which it acquired over the property was not lost until the decree directing the conveyance to Henrie had been fully executed by the trustee complying with its mandate.

Story, in his work of Equity Jurisprudence, speaking upon this subject, says: "There is one exception to this doctrine which has been long recognized in America; and

that is that the state courts cannot enjoin proceedings in the courts of the United States, nor the latter in the former courts."

"It is well established that a state court cannot enjoin a proceeding or judgment of a federal court. The jurisdictions are independent, and there is no right in a state court to interfere." Pomeroy's Eq. Jur., section 641. *Dorr's Admr.* v. *Rohr*, 82 Va. 369, announces the same doctrine. Judge Lewis, in delivering the opinion of the court, says: "Moreover, a judgment or decree of a federal court cannot be enjoined by a state court. The circuit court of the United States and state courts are tribunals independent of each other, and nothing is better settled than that the one cannot lawfully interfere with the proceedings of the other. And the rule obviously applies as well after judgment or decree as at any anterior stage of the proceedings; for execution is called the life of the law, and the jurisdiction of a court is not exhausted until its judgment is satisfied." This is the well settled, if not the universal doctrine. Some of the courts so holding are: *Dodge* v. *Walcott*, 8 U. S. (4 Cranch) 179; *McKim* v. *Voorhis*, 11 U. S. (7 Cranch) 279; *Peck* v. *Jenness*, 48 U. S. (7 How.) 612; *Taylor* v. *Carryl*, 61 U. S. (20 How.) 584; *Freeman* v. *Howe*, 65 U. S. (24 How.) 451; *Watson* v. *Jones*, 80 U. S. (13 Wall.) 679.

Therefore, the order of the circuit judge, overruling the motion to dissolve the injunction, is reversed, in so far as the Union Trust and Deposit Company, trustee, is enjoined and inhibited from conveying to the defendant Henrie that portion of the property sold in the bankruptcy proceeding and purchased by him, and also which enjoins and inhibits the defendant, Henrie, from acquiring the legal title thereto, and the injunction to that extent is dissolved and vacated; but in all other respects the order is affirmed.

*Reversed in part.    Affirmed in part.*