## Staunton.

### BOLLING AND OTHERS v. MULLINS.

September 15, 1910.

Absent, Cardwell, J.

1. JUDICIAL SALES—*Stifling Bidding—Governing Principles.*—A contract between prospective bidders at a judicial sale whereby one of them agrees that, if the other will not bid, he will bid a given sum, and if the land brings less than that sum he will pay to the other the difference between the sum agreed and the price at which he purchases (which difference would not have gone to him if the land had brought the price agreed) is contrary to public policy and void. The governing principle of all judicial sales is that there shall be untrammelled, free and open competition, to the end that the rights of all parties in interest may be protected, and a fair price obtained for property which has been withdrawn from the control of the owner, and is being administered by the courts. Any agreement, therefore, however speciously devised or craftily worded, which contravenes that policy will not be tolerated, but will be condemned as illegal and void.

2. JUDICIAL SALES—*Agreements not to Bid—How far. Valid.*—The general rule stated above is subject to the qualification that a fair and open contract between creditors (made with the knowledge and assent of the debtor) that certain debts will be taken care of, provided the holders thereof will abstain from bidding, is permissible.

Error to a judgment of the Circuit Court of Wise county in an action of assumpsit. Judgment for the defendant. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Ayers & Fulton, Dotson & Bond* and *C. Q. Counts*, for the plaintiffs in error.

*Vicars & Peery, E. L. Barr* and *Bond & Bruce*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review a judgment dismissing the plaintiffs' declaration on demurrer, on the ground that the contract sued on is contrary to public policy and void.

The essential allegations of the declaration are that the plaintiffs, as sureties of W. R. Gilley, had paid off liens against him aggregating $2,400, of which amount $1,700 still remained due from the principal debtor; that Gilley was insolvent with the exception of his ownership of a tract of land which was the subject matter of a lien creditor's suit; that the defendant, Mullins, who desired to purchase the land, had entered into an agreement with the plaintiffs to the effect that if they would not become bidders at the sale, he, Mullins, would, if necessary, bid as much as $1,500 for the property, or would procure some one else to do so; and, if he should purchase the land either directly or through some other bidder for less than $1,500, that he would pay the plaintiffs the difference. Under this arrangement Mullins bought the land for $940, but refused to pay the plaintiffs the sum of $560, in accordance with his agreement.

We are of opinion that the case is controlled by the decision of this court in *Camp* v. *Bruce*, 96 Va. 521, 31 S. E. 901, 70 Am. St. Rep. 873, 43 L. R. A., 148. In that case the purchaser at a judicial sale, before confirmation, sold his bargain at an advanced price, and it was held that the tendency of such contracts was to prevent the property from bringing the best price, and was therefore contrary to public

policy. With respect to such agreements generally, the court, at page 524 of 96 Va., at page 901 of 31 S. E. (70 Am. St. Rep. 873, 43 L. R. A. 146), observes: "We have no statute declaring that contracts like the one under consideration are unlawful, yet under the principles of the common law any contract that is made for the purpose of, or whose necessary effect or tendency is to lessen competition and restrain bidding at judicial sales, is held to be illegal because opposed to public policy. The object in all such sales is to get the best price that can be fairly had for the property. The policy of the law, therefore, is to secure such sales from every kind of improper influence. To allow one bidder to buy off another, which is but a species of bribery, and thus prevent the property from bringing the best price, is condemned by the law, and the courts will not enforce contracts founded in such practices. *Underwood* v. *McVeigh*, 23 Gratt. 409, 428-9; *Cocks* v. *Izard*, 7 Wall. 559, 562, 19 L. Ed. 275; Fry on Spec. Per., sec. 308; Pomeroy's Contracts, sec. 283; Greenhood on Public Policy, pages 183 to 189."

In *Cocke* v. *Izard*, *supra*, the Supreme Court of the United States, speaking through Mr. Justice Davis, says: "The law will not tolerate any influence likely to prevent competition at judicial sales, and it accords to every debtor the chance for a fair sale and full price."

Indeed, the governing principle of all judicial sales is that there shall be untrammelled, free and open competition, to the end that the rights of all parties in interest may be protected and a fair price obtained for property which has been withdrawn from the control of the owner and is being administered by the courts. Any agreement, therefore, however speciously devised or craftily worded, which contravenes that policy will not be tolerated, and will be condemned as illegal and void.

The contention that this particular contract was calculated to promote rather than to stifle bidding, is met by the obvious

answer, that the sum in addition to his bid, which Mullins stipulated to pay, was not intended to reach the right pocket. *Hamilton* v. *Hamilton*, 2 Rich. Eq. (S. C.) 355, 46 Am. Dec., 58, 65. The net result of the transaction was to deprive the judgment debtor of a credit of $560, at the least, on his indebtedness to which he was justly entitled.

In condemning this agreement, we are not unmindful of the qualification of the general rule which sanctions a fair and open compact between creditors (made with the knowledge and assent of the debtor), that certain debts will be taken care of, provided the holders thereof will abstain from bidding. Such adjustments are often convenient and beneficial to all concerned, but this agreement is not of that class. It is even more clearly violative of the policy of the law than was the agreement in *Camp* v. *Bruce*, and it is not our purpose to relax the stringency of the just rule announced in that case.

The judgment of the circuit court is without error and must be affirmed.

*Affirmed.*