Hector Bassett, Appellee, v. Garland Heiens, Appellant.

Opinion filed October 28, 1940.

TERRY, GUELTIG & POWELL, of Edwardsville, for appellant.

HENRY B. EATON, of Edwardsville, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This suit was commenced by plaintiff appellee, Hector Bassett on August 31, 1937, at which time a judgment by confession was entered on a promissory note in the sum of $500 signed by defendant appellant, Garland Heiens. Said note provided for 6 per cent interest and 10 per cent attorney fees. Thereafter defendant appellant appeared and filed his motion and affidavit to set aside the judgment and for leave to defend, upon the ground that said note was without any good consideration, and was obtained by duress.

The court allowed the motion and ordered said motion and affidavit to stand as the pleading of defendant appellant and granted plaintiff appellee time to reply thereto. Such reply denied the duress, and denied that the defendant appellant received no consideration on account of the alleged execution and delivery of said note, but did not specifically set forth the consideration for said note.

The case was tried before the court, without a jury, and the court found the issues for the plaintiff appellee, and entered final judgment, restoring the judgment by confession previously entered in the sum of $550 and costs.

Principal errors relied upon for reversal by defendant appellant, are that the trial court erred in denying the motion to exclude the evidence and find the issues for defendant appellant; that the court erred in finding the issues in favor of plaintiff appellee; that the finding and judgment of the court are contrary to the manifest weight of the evidence, that the court erred in admitting certain evidence for plaintiff appellee over the objection of defendant appellant; that there was no consideration for the note sued upon and that it was obtained by duress.

It was stipulated between the parties, that the plaintiff appellee was the holder of a previous $500 note signed by William Heiens and Lydia M. Heiens, father and mother of the defendant appellant; that the will of the father was duly probated and his widow appointed executrix; that plaintiff appellee filed his claim in the probate court on account of said note, and that said claim was allowed and he received $78.52, about 15 per cent of the claim, said estate being insolvent, and that thereafter at public sale, defendant appellant bought the real estate of his father.

The testimony of the defendant appellant, with reference to the duress so pleaded was to the effect that he had several conversations with the plaintiff appellee

relative to the payment of the $500 alleged to be owed by the father's estate and that on July 28, 1937, he went to the Laclede Steel Company where he was employed and where the son of plaintiff appellee, Clyde Bassett, was also employed as watchman. He testified that he was there accosted by Clyde Bassett and his father, the plaintiff appellee, and was told by the former that if he did not sign a note in the sum of $500 he would see that he lost his job at the plant, said Clyde Bassett at the same time shaking his fist in his face, and that he then and there because of such threats signed the note in question.

This was denied by Clyde Bassett and plaintiff appellee. The defense of duress was an affirmative defense and the burden of proof was upon defendant appellant. *Commercial State Bank of Forreston v. Folkerts,* 200 Ill. App. 385. We are not constrained to hold under this state of the record that duress was proven.

However the defense of want of consideration presents a much more serious question for the consideration of this court. Apparently the only consideration for the note claimed by the holder himself was the old indebtedness of the father of the defendant appellant. Upon the witness stand he testified on direct examination that the note was given for money loaned the father before he died. On cross-examination he testified in substance, that the note was given for the $500 loaned the father. Further, that he did not claim to have ever given any money to Garland Heiens and that there was no other transaction between him and Heiens on account of this note, except the money that his father owed. This debt of the father could not be a valid consideration for the note sued upon. At the time said note was signed the estate of the father had been settled, the assets exhausted, and the estate declared insolvent. The indebtedness of the father was no longer in existence. There was no well founded

or disputed claim to compromise. This was not the personal obligation of Garland Heiens. When a debt is incurred and after the incurring of the same a third party promises to pay or guarantee it, some additional consideration is necessary to support such promise. *Anderson v. Norvill,* 10 Ill. App. 240; *Haven v. Chicago Sash, Door & Blind Co.,* 96 Ill. App. 92, 101; *Scott v. Leaf River State Bank,* 242 Ill. App. 268.

In the brief of plaintiff appellee it is hinted that such additional consideration for said note was supplied by the action of the plaintiff appellee in securing a loan for defendant appellant, making it possible for him to purchase the farm home of his father, and in addition thereto, some agreement of the plaintiff appellee to stay away from and not bid at such sale, which latter proposition was denied by defendant appellant. Assuming such matters were proven upon the trial, neither was alleged in the reply of plaintiff appellee, as being the consideration for the note. He simply denied that there was no consideration for the note.

Upon a proffer of such evidence, objection was made by defendant appellant, upon which the court did not directly rule. Section 43, sub-sec. 4 of the Civil Practice Act, Ill. Rev. Stat. 1939, ch. 110; Jones Ill. Stats. Ann. 104.043 provides in part, "The facts constituting any affirmative defense, such as . . . want or failure of consideration . . . and any ground or defense, whether affirmative or not, which if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply." The reply filed by the plaintiff appellee did not give defendant appellant sufficient notice of the facts which were relied upon by plaintiff appellee at the trial to sustain the validity of the note. The objection of defendant appellant to this testimony should have been sustained.

Plaintiff appellee does not seem to have considered that his efforts in securing the loan was a part of the consideration for the note for in answer to the question, ''You were not charging him for your time and service and work that you were doing for him that you talked about?'' Bassett answered, ''No sir, I never charged him a cent.''

Aside from the question of the admissibility of the ·evidence with reference to the alleged agreement on the part of Hector Bassett to stay away and not bid at the public sale of the Heiens farm, such agreement if there was one proven would be void as being contrary to public policy. *Fallon v. Layfield,* 94 W. Va. 428, 119 S. E. 172. In that case it appeared that the defendant and his· wife wanted to retain ownership of the property in question and entered into an agreement which in substance recited that it was the desire of the wife and her sons to purchase the property and that the plaintiffs intended to bid at the sale, and in order to give the wife an opportunity to buy the property at a lower price, the plaintiffs agreed not to bid, with the understanding that the wife, if she purchased the property, would give to the plaintiffs notes and a trust deed securing the same, to secure the balance of their claims after crediting thereon their share of the proceeds of the sale. The contract was regularly executed and the sale held. After the sale, the wife refused to carry out the agreement, suit was brought by the plaintiffs, and the court held that the contract was not enforcible, as being contrary to public policy.

The Illinois cases, while not so near in point, recognize the rule that contracts which are entered into for the purpose of stifling competition at public sales, are contrary to public policy, and such contracts will vitiate the sale, when the purchaser is a party to such contract. *Mansfield v. Wallace,* 217 Ill. 610; *Wilson v. Kellog,* 77 Ill. 47; *Ingalls v. Rowell,* 149 Ill. 163.

It is contended that the note given carries the presumption of consideration. When all material facts are admitted and undisputed a presumption has no weight whatever and entirely vanishes. *Osborne v. Osborne,* 325 Ill. 229; *Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387, 397. The illegality of the alleged agreement to stay away from and not bid at the sale; the failure of Bassett to plead in his reply and to claim on the witness stand that his efforts in securing the loan, was the consideration, and the stipulated facts with reference to the previous obligation of the father of Garland Heiens, are all undisputed matters, overcoming any presumption of legal consideration. It is fundamental that want of consideration destroys the validity of a note in the hands of the payee. *Knotts v. Preble,* 50 Ill. 226; *Mulholland v. Bartlett,* 74 Ill. 58; *Green v. Smith,* 180 Ill. App. 572; *Straus v. Citizens' State Bank of Elmhurst,* 254 Ill. 185; *First Nat. Bank of Morris v. Stephen,* 291 Ill. App. 373. Upon this state of the record, we cannot do otherwise than hold that there was no consideration for the note sued upon and plaintiff appellee is entitled to recover nothing from defendant appellant and the case should be reversed.

*Reversed.*