John Boley, et al., v. Walter Whipple and Florence M. Whipple, His Wife (a/k/a Florence E. Whipple and Florence Whipple), The John Hancock Mutual Life Insurance Company, a Corporation, M. L. Schuneman, Trustee, the State of Illinois, Minneapolis Moline Division of Motec Industries, a Corporation, Bollman Oil Company, T. B. A. Division, a Partnership, Clarence J. Webber, Jr., d/b/a Sheffield Ready Mix, Boyd Goldsworthy, et al., the District Director of Internal Revenue, the Peoples National Bank of Kewanee, Clarence Headings and Eldon Schultz, Defendants-Appellants.

Gen. No. 65-10.

Third District.

October 6, 1965.

Rehearing denied November 9, 1965.

Roger V. Pierson, of Princeton, for appellants.

William G. Clark, of Chicago, and Leonard Johnson, of Princeton, for appellees.

CORYN, J.

This appeal was perfected by defendants, Walter Whipple and his wife Florence, from a decree of foreclosure against premises described in a mortgage which they admittedly executed and delivered to secure their

promissory note of the same date. Plaintiffs are either designated mortgagees or assignees of designated mortgagees, and they are owners of the foregoing note. For the purpose of adjudicating priorities, other parties, not involved in this appeal, were joined in the trial court proceeding.

In answer to the complaint for foreclosure, the Whipples pleaded an affirmative defense that as to both of them, or at least as to Florence Whipple, there was a failure of consideration for the note and mortgage. It is their contention here that the adverse ruling of the trial court on these issues is contrary to the manifest weight of the evidence and to the law. Accordingly, they ask that the decree of the Circuit Court be reversed and the note and mortgage nullified as to both of them, or at least as to Florence Whipple.

■ Defendants have also filed a motion in this court to strike plaintiffs' brief and argument for being filed late, and for failure to serve a copy upon defendant's attorney within the time provided by Rules. The motion prays, in the alternative, that defendants be given additional time to file their reply brief. The alternative prayer of defendant's motion has been granted and a reply brief filed. The record demonstrates that plaintiffs' brief and argument, together with proof of service thereof, were in fact timely filed in this court, although a copy of plaintiffs' brief was served on defendants three days late. No rights having been prejudiced, the motion to strike is accordingly denied.

With respect to the merits of this appeal, we find no conflict in the evidence. As a consequence of injuries sustained by various persons in an automobile collision occurring in Bureau County on June 29, 1955, Walter Whipple was made a defendant in four separate causes. One of these causes, filed in the United States District

Court at Peoria, proceeded to judgment on June 14, 1956, in the amount of $76,000 and costs. Whipple's insurer made a payment on this judgment to the extent of its policy, leaving a balance owing from Walter Whipple in the amount of $28,053.11. On June 26, 1956, this judgment was transcribed to Bureau County. Shortly thereafter, a citation proceeding in aid of execution of the foregoing judgment was commenced in the aforementioned federal court, ordering defendant to refrain from transferring assets. While this proceeding was pending, Whipple conveyed his undivided one-half interest in the premises described in the mortgage here to his wife Florence, who already owned the other undivided one-half in said premises.

On May 27, 1960, Walter and Florence Whipple executed the promissory note involved in this cause, agreeing to pay the principal amount of $39,300. This note, together with the mortgage to secure its payment, was delivered to the aforementioned judgment creditors and their attorneys, and to the complainants in the three causes still pending, all of whom were designated as payees and mortgagees. Concurrently with the delivery of the note and mortgage, the mortgagees executed and delivered to the Whipples a document acknowledging that "The note and mortgage given on this date . . . is subject to dismissal of all suits pending . . . and proper and legal releases being obtained from all the parties claiming damage from Walter Whipple, growing out of a collision occurring on June 29, 1955, in Bureau County, Illinois." The complainants in the pending personal injury and wrongful death causes, where the claims were yet unliquidated, also delivered their releases, and the Federal District Court judgment creditors dismissed their citation proceeding by motion. This motion recited that the judgment had been satisfied by the delivery of the note

451

and mortgage. No other documents evidencing the satisfaction of the judgment were ever executed, delivered, or, until the commencement of this suit, even demanded, and nothing relating to the satisfaction of the judgment was ever transcribed to Bureau County. After making six payments on the note, the Whipples defaulted as of April 4, 1962, and the complaint here followed.

■ ■ Defendants contend the foregoing evidence establishes that a document evidencing the satisfaction of the Federal District Court judgment was a substantial part of the consideration for their note and mortgage, and that the failure of the judgment creditors, or assignees, to deliver the same constituted such a failure of consideration so as to preclude any right of foreclosure. We find no merit in this thesis. It is clear that the note and mortgage were delivered and accepted in satisfaction of the judgment debt, and in consideration for the delivered releases for the unliquidated claims and the dismissal of the citation proceeding. There has been complete forbearance in the enforcement of the judgment. By virtue of the fact that a satisfaction of judgment was effected, defendants acquired a right, upon demand, to an instrument of satisfaction from the provisions of Ill Rev Stats c 77, § 68a (1963), as follows:

> "Every judgment creditor . . . having received full satisfaction and payment of all such sums of money as are really due him from the judgment debtor . . . shall, at the request of the judgment debtor . . . make, execute and deliver an instrument in writing releasing such judgment. . . ."

There already being a legal duty to deliver a satisfaction piece from the fact that a satisfaction was effected, it adds nothing to the terms of the settlement

452

agreement to suggest that the delivery of such a document was also a part of the consideration. A promise to do something one is already legally obligated to do, by statutory requirement, creates no new obligation and is not a consideration for a contract. Moehling v. W. E. O'Neil Const. Co., 20 Ill2d 255, 170 NE2d 100; Macks v. Macks, 329 Ill App 144, 67 NE2d 505. Furthermore, there are no unequivocal recitations in the note, or in the mortgage, or in the document acknowledging the terms of their delivery, which substantiates the defendants' contention that the parties intended the delivery of such an instrument to comprise a part of the consideration for the settlement. Prior to the commencement of this proceeding, defendants had made no demand for a satisfaction piece. This fact also fails to substantiate their present contention. We think it clear that defendants relied upon their statutory right to an instrument of satisfaction, and that it was not discussed or intended as a part of the consideration for the settlement.

▮▮▮ Defendants also contend that the releases of unliquidated claims against Walter Whipple and forbearance in the enforcement of a judgment against him is not adequate legal consideration "for a mortgage given by . . . his wife on her separate property . . . ," she never having been a party to any claims arising from the collision. They cite authority for the proposition that a wife's separate estate is not liable for the debts of her husband. That proposition of law is not, however, involved here. This is not a case where the pre-existing debt of a husband was the sole consideration for the wife's undertaking. Her promises are supported by a new consideration, namely, the releases of claims yet unliquidated. Furthermore, while the promise to pay the debt of another may not generally be binding without a new consideration,

453

Bassett v. Heiens, 307 Ill App 426, 30 NE2d 528, Laughlin v. Dalton, 200 Ill App 342, it has been held that a consideration moving to the husband of a mortgagor is sufficient consideration for a mortgage of her separate property. Post v. First Nat. Bank, 38 Ill App 259, affd 138 Ill 559. In Riddle v. LaSalle Nat. Bank, 34 Ill App2d 116, 119, 180 NE2d 719, it was also held that:

> ". . . A mortgage may be given to guarantee the debt of another, and if he or the mortgagor benefits thereby, there is sufficient consideration for the mortgage. 59 CJS Mortgages, § 90. The consideration for a mortgage need not move directly from the mortgagee to the mortgagor. . . . If, at the mortgagor's request, any detriment, loss or damage is sustained by the mortgagee or if any advantage, profit or benefit is conferred on or accrues to the mortgagor, there is sufficient consideration to support the mortgagee. . . ."

There being no error in the record, the decree of the Circuit Court of Bureau County is affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.